UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

FAMILY EQUALITY, TRUE
COLORS UNITED, INC., SERVICES
& ADVOCACY FOR GLBT ELDERS,

*Plaintiffs-Appellants*,

v. No. 22-1174-cv

XAVIER BECERRA, in his official
capacity as Secretary, United States
Department of Health and Human
Services, UNITED STATES
DEPARTMENT OF HEALTH AND

1

HUMAN SERVICES,

   *Defendants-Appellees*.

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | KRISTEN P. MILLER, Democracy Forward Foundation, Washington, DC (Robin Thurston, Democracy Forward Foundation; Karen L. Loewy, Sasha Buchert, and Marshall Currey Cook, Lambda Legal Defense & Education Fund, Inc., *on the brief*) |
| FOR APPELLEES: | JEFFREY E. SANDBERG, Civil Division, Appellate Staff, United States Department of Justice, Washington, DC (Michael S. Raab, Department of Justice; Lucas Issacharoff and Benjamin H. Torrance, *for* Damian Williams, United States Attorney, United States Attorney's Office for the Southern District of New York, *on the brief*) |

  Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

  UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

2

Plaintiffs-Appellants Family Equality, True Colors United, Inc., and Services & Advocacy for GLBT Elders appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*) dismissing their claims against Defendants-Appellees Xavier Becerra and the United States Department of Health and Human Services ("HHS") for lack of standing. Appellants challenge HHS's 2019 Notice of Non-Enforcement, which announced that the agency would no longer enforce its prior rule prohibiting HHS grant recipients from discriminating on the basis of several protected characteristics, including sexual orientation or gender identity. *See* Notification of Nonenforcement of Health and Human Services Grants Regulation, 84 Fed. Reg. 63,809 (Nov. 19, 2019) ("2019 Notice"). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Appellants are advocacy organizations that support LGBTQ-identifying people. They provide education and training to partner organizations that directly serve the LGBTQ community, and they lobby local, state, and federal lawmakers to promote antidiscrimination policies. The District Court held that Appellants did not allege any injury-in-fact and accordingly lacked standing to

3

challenge the 2019 Notice on the merits. On *de novo* review, *see Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021), we affirm.

On appeal, Appellants argue that they have organizational standing because the 2019 Notice "perceptibly impaired" their organizational activities. Appellants' Br. 28; *see Conn. Parents Union*, 8 F.4th at 173. Specifically, Appellants contend that the 2019 Notice made their education and advocacy activities more costly because they were no longer able to rely on HHS's regulation prohibiting grant recipients from discriminating against LGBTQ people. Instead, they had to devote staff time to identifying for HHS grant recipients alternative antidiscrimination protections, encouraging grant recipients themselves not to discriminate, educating partner organizations about the effects of the 2019 Notice, and lobbying state governments to fill the gap left by the 2019 Notice. The significant time that staff spent responding to the 2019 Notice, Appellants claim, diverted resources away from their other organizational activities.

To allege injury-in-fact under their theory of organizational standing, Appellants must show that the 2019 Notice imposed "an involuntary material burden on [their] established core activities," *Conn. Parents Union*, 8 F.4th at 173, that impeded their "ability to carry out [their] responsibilities" or forced them

4

"to divert money from [their] other current activities to advance [their] established organizational interests," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay* ("*Centro*"), 868 F.3d 104, 110 (2d Cir. 2017) (cleaned up). Expenditures incurred on Appellants' own initiative "'cannot support a finding of injury' sufficient to create standing 'when the expenditures are not reasonably necessary to continue'" their established core activities. *Antonyuk v. Chiumento*, 89 F.4th 271, 344 (2d Cir. 2023) (quoting *Conn. Parents Union*, 8 F.4th at 174).

Appellants have not shown an "involuntary and material impact[] on [their established] core activities by which their organizational mission has historically been carried out." *Id.* (cleaned up). It is not enough for Appellants to claim that the 2019 Notice burdened their education, outreach, and lobbying efforts because they had to spend time assessing its impact and identifying other antidiscrimination protections that would permit them to continue advocating on behalf of the LGBTQ community. *See id.* Appellants, who regularly provide education and training to partner organizations, would have spent time assessing the effects of a policy change no matter the content of the 2019 Notice. *See Conn. Citizens Defense League, Inc. v. Lamont*, 6 F.4th 439, 447 (2d Cir. 2021).

5

While the content of their core educational, outreach, and lobbying work may have changed in response to the 2019 Notice, these core activities have continued without restriction. In the absence of "any restrictions on [their] ability to perform the[ir] core activities," Appellants cannot establish that they have suffered an injury sufficient to create standing. *Conn. Parents Union*, 8 F.4th at 175.

Finally, Appellants have not even shown that the 2019 Notice caused a relevant increase in demand for their services that, for example, required them to hire more staff, increase their overall engagement with their partner organizations, or otherwise do more than merely shift the focus of their advocacy. *See New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 61 (2d Cir. 2020); *Moya v. U.S. Dep't of Homeland Sec.*, 975 F.3d 120, 129 (2d Cir. 2020). Insofar as Appellants undertook educational, outreach, and state lobbying efforts in response to the 2019 Notice, they have not demonstrated that these efforts (and associated costs) were anything other than voluntary initiatives to advance the Appellants' "'abstract social interests.'" *See Conn. Parents Union*, 8 F.4th at 175 (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)); *Antonyuk*, 89 F.4th at 344.

We therefore agree with the District Court that Appellants lack Article III standing.

We have considered Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7